[Cite as *Giron v. Mouneimne*, 2025-Ohio-3246.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Adela Giron et al., :

    Plaintiffs-Appellees, :

                                         No. 25AP-364
v. : (C.P.C. No. 23CV-4343)

Adnan Mouneimne, : (ACCELERATED CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on September 9, 2025

---

**On brief:** *Rateb "Ron" Khasawneh*, and *Ari M. Pompas*, for appellees. **Argued:** *Ari M. Pompas*.

**On brief:** *Adnan Mouneimne*, pro se. **Argued:** *Adnan Mouneimne*.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Defendant-appellant Adnan Mouneimne challenges a judgment of the Franklin County Court of Common Pleas ordering him to convey by general warranty deed a disputed property to plaintiffs-appellees Adela Giron and Joise Ramirez (collectively "appellees") in exchange for appellees' payment of $63,756.14 to Mouneimne.

## I. Facts and Procedural History

{¶ 2} On June 16, 2023, appellees filed a complaint against Mouneimne alleging breach of contract, breach of implied contract, promissory estoppel, unjust enrichment, and fraud. The complaint claimed appellees and Mouneimne entered into a land installment contract on November 6, 2017 for the purchase of the property located at 5701 Muldoon Court, Dublin, Ohio 43016. The contract established that appellees would pay

Mouneimne $238,000 over five years in the form of a $90,000 down payment, monthly payments, and various payments for taxes and insurance. When appellees attempted to complete the purchase in January 2022, however, appellees claim Mouneimne refused to accept the final payment. Appellees placed the funds in escrow and have continued to try to remit the payment to Mouneimne ever since. Appellees contend they have complied with all provisions of the contract while Mouneimne has repeatedly violated its terms. On August 14, 2023, Mouneimne filed his answer and counterclaim. Mouneimne's counterclaims included breach of contract, account, and foreclosure in addition to third-party claims of quiet title and slander of title. On February 1, 2024, the trial court granted the request of Mouneimne's attorneys, Jeffrey M. Lewis and Evan J. Lewis, to withdraw as counsel for Mouneimne. On April 9, 2024, the court granted a second withdrawal request of Mouneimne's subsequent attorney, Tonya McCreary Williams.

{¶ 3} On March 21, 2025, the trial court held a bench trial. Appellees were represented by counsel, while Mouneimne represented himself. No trial transcript was included in the record of this case. In an order dated April 4, 2025, the court found Mouneimne breached the contract and appellees were entitled to specific performance, thereby dismissing Mouneimne's counterclaim for breach of contract. The court concluded appellees failed to prove their fraud claim by a preponderance of the evidence. Next, having found Mouneimne breached the contract, the court dismissed his counterclaims for account and foreclosure. The court also dismissed the quiet title and slander claims without prejudice, having determined it lacked jurisdiction over such claims due to Mouneimne's failure to perfect service on the relevant third-party defendant. Lastly, the court ordered appellees to complete their payment of $63,756.14 to Mouneimne, compelling him to convey the property to appellees within 60 days from the entry of the order.

{¶ 4} Mouneimne timely appealed.

## II. Discussion

{¶ 5} Although Mouneimne's brief lists six assignments of error, he does not argue any of them. Instead, Mouneimne asserts in a separate assignment of error that the trial court improperly granted a motion to dismiss the case pursuant to Civ.R. 41(B)(1). After a thorough review of the record, we conclude no party filed a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute the case, nor did the court ever grant such a motion. To the

extent this inaccurate contention represented Mouneimne's only alleged error, we overrule that assignment of error.

{¶ 6}   If Mouneimne rather intended to raise the six assignments of error he listed but did not argue, his brief unfortunately does not comply with App.R. 16(A)(7).  "The appellant shall include in its brief . . . [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."  App.R. 16(A)(7).  This court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief[.]"  App.R. 12(A)(2).  Here, because Mouneimne's brief does not identify where in the record his purported errors lie, and because it does not include any arguments in support of the asserted errors, we disregard the six assignments of error listed in Mouneimne's brief.

{¶ 7}   Even if we attempted to address the six assignments of error listed, but not argued, in Mouneimne's brief, an adequate review would be impossible because he never filed a transcript of the trial proceedings in this court.  It is the burden of an appellant to demonstrate error by reference to matters within the record, and, without a transcript, we must presume the regularity of the proceedings below.  *Weinstock v. McQuillan*, 2010-Ohio-1071, ¶ 12 (10th Dist.).  Thus, even if we considered Mouneimne's six unargued assignments of error, we would overrule all six as the lack of a transcript requires us to presume the regularity of the trial court's proceedings.

## III. Conclusion

{¶ 8}   Having overruled or disregarded all of Mouneimne's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, MENTEL, and LELAND, JJ., concur.

————————————